[No. 10070. Department Two. April 10, 1912.]

W. E. BEHNE et al., Respondents, v. G. M. STAPISH et al.,
Appellants.[1]

PLEADINGS — AMENDMENTS — TRIAL AMENDMENT TO CONFORM TO
PROOF—DISCRETION. It is not an abuse of discretion to allow the
plaintiffs to amend their reply, long before the trial commenced, to
correct an inadvertent omission, and to amend the complaint at the
trial to conform to the proofs, where, as a condition precedent, a
continuance at the plaintiffs' cost was granted until such time as
the defendants could fully prepare to meet the new issues, and no
prejudice is claimed.

LIENS—FORECLOSURE—CONTRACT—EVIDENCE—SUFFICIENCY. In an
action to foreclose a lien for digging a well, a finding that defend-
ants were to furnish the casings is warranted, where there was evi-
dence of a custom for the landowner to do so in case they were
necessary, and that defendants knew of such custom, and promised
to furnish them when the matter was first broached.

Appeal from a judgment of the superior court for Grant
county, Steiner, J., entered May 11, 1911, upon findings in
favor of the plaintiffs, in an action to foreclose a lien for
digging a well, after a trial on the merits to the court. Af-
firmed.

John W. Hanna and Reneau & Clapp, for appellants.

W. E. Southard, Daniel T. Cross, and Sessions & Warren,
for respondents.

FULLERTON, J.—In the summer of 1907, the respondents
and the appellants entered into a verbal agreement whereby
the former agreed to dig a well for the latter, on certain lands
belonging to the latter, situated in what is now Grant county.
The respondents entered upon the performance of the con-
tract on September 27, 1907, and continued therein until
January 7, 1908, during which the well was drilled to a
depth of 512 feet. When this depth was reached, it was
found impossible to proceed further without casing the well,

[1]Reported in 122 Pac. 1002.

owing to the fact that rock would loosen from the sides of the well and interfere with the operation of the drill. At this time, the appellant G. M. Stapish was in the state of Michigan, and could not be readily communicated with. The appellant Maggie Stapish was thereupon consulted by the respondents, and requested to furnish the necessary casing. This she was averse to doing, whereupon it was agreed that further drilling should be abandoned until the return of G. M. Stapish. On Stapish's return, he was seen by one of the respondents, told of the condition existing in the well, and requested to furnish the necessary casing. This he agreed to do; but failing therein, was called on a second time by the respondents, when he again repeated his promise. The casings, however, were not furnished, and the respondents, within the time limited by statute, filed a lien upon the land on which the well was situated, to secure payment· for the work done thereon, and began these proceedings to foreclose the same.

In their complaint, the respondents alleged that they performed the work at the request of the appellants, and that the work was reasonably worth the sum of $1,706.75. The appellants answered, setting up that the work was performed under an express contract, by the terms of which the well was to be drilled to completion at the rate of 50 cents per foot where the drill passed through the dirt, $2.25 for the first 200 feet of rock, and 50 cents per foot extra for every additional foot, and that the well was not to be deemed completed until sufficient water was obtained to supply the needs and uses of the premises on which the well was drilled; and "that the contract named, and no other, was the one by and under the terms of which plaintiffs commenced to drill and did drill, as hereinbefore alleged on defendants' premises." A reply was filed which put in issue the allegations of the answer, in so far as they differed from the allegations of the complaint, save that it did not deny the matters alleged in the sentence above quoted. The appellants thereupon moved for judgment on the pleadings, which motion the court denied, allow-

ing the respondents to file an amended reply which put in issue this particular allegation.

After issue had been joined, as stated, the cause was brought on for trial, whereupon the respondents introduced their evidence in chief and rested. The appellants thereupon moved the court for judgment, on the ground that there was a variance between the allegations of the complaint and the proofs. The respondents thereupon asked leave to amend the complaint to make it correspond to proofs. Leave was granted them so to do, upon terms with which they complied. The cause was then continued, so that the appellants could prepare themselves to meet the new issues presented. Later on, the cause was tried out on its merits, resulting in a judgment in favor of the respondents.

The appellants excepted to the rulings of the court permitting the amendments to the pleadings, and urge in this court that the same were improperly allowed. But whether or not an amendment to the pleadings will be allowed, rests in the discretion of the trial judge, subject to be reviewed only for manifest abuse. Here we find nothing to indicate abuse of discretion. The ultimate object of all pleadings is to obtain a trial upon the actual merits of the controversy between the litigants, and amendments to the pleadings which further that object are not to be held an abuse of discretion unless the other party is prejudiced thereby by being denied the opportunity to fully meet the issues presented. Here there is no claim of prejudice. Nor could such a claim be successfully made on the record. The amendment to the reply was made long before the trial of the cause was commenced; and as a condition precedent to the amendment to the complaint being allowed the court required the respondents to bear the expense of a continuance, and continued the cause until such time as the appellant could fully prepare to meet the new issues tendered. Since we hold the amendments properly allowed, it is not necessary for us to follow the appellants' argument based on the contrary theory. It

may, however, be proper to say that an inadvertent admission made by failure to deny can be corrected by amendments made under leave of court.

On the merits of the controversy, we think the weight of the evidence is with the findings of the trial judge. As to the amount of the recovery, the same end is reached, whether the contention of the respondents that there was no price for the work agreed upon, or that of the appellants that there was such a contract, is adopted. The reasonable price the respondents contend for is the price the appellants contend was agreed upon, and it is needless to inquire which contention the weight of the evidence supports. It is plain, also, that there was no guaranty that water would be obtained. Doubtless the appellants desired to make it a part of the contract that the drilling was not to be paid for unless water in sufficient quantity was obtained, but the respondents refused to acquiesce in that part of the proposed agreement, and were allowed to enter upon and prosecute the work after the appellants had been told that the respondents would not do the work under such a condition. The principal dispute was over the question whether the respondents were warranted in quitting the work at the time they did so quit. It was contended by the appellants that there was no agreement on their part to furnish casings in case the well should cave, and consequently it was the respondents' duty to furnish them or to continue the drilling without them. But there was evidence to the effect that it was customary for the landowner to furnish such casing whenever such casing was necessary, and that the appellants were acquainted with such custom. In addition to this, it was shown that the matter was broached to G. M. Stapish immediately on his return from his visit, and that he at first agreed to furnish them, only refusing finally after the respondents had filed a lien to secure payment for the work performed. This is sufficient to warrant a finding that the duty of furnishing the casings devolved upon the appellants.

The promissory note mentioned in the appellants' answer and in testimony was in no way involved in the issues. It was not referred to in the complaint nor pleaded as an offset to plaintiffs' demand in the answer. If it represents a valid existing indebtedness, recovery thereon has in no way been jeopardized by anything occurring in these proceedings. The court, therefore, rightfully refused to consider it an issue.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, MORRIS, and ELLIS, JJ., concur.